UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ASIA PACIFIC INVESTMENT PARTNERS, *et*       :
*al.*,                                                        :
                                                              :
                              Plaintiffs       :      25-CV-386 (VSB)
                                                              :
              -against-                        :      **ORDER**
                                                              :
EDISON SCHOOLS, INC., *et al.*,                :
                                                              :
                              Defendants.   X
-------------------------------------------------------------

<u>VERNON S. BRODERICK</u>, United States District Judge:

      On January 23, 2025, Plaintiffs Darren Farlow and Asia Pacific Investment Partners commenced this action by filing a Complaint against multiple Defendants. (Doc. 3 ("Complaint" or "Compl.").) Plaintiffs indicate that this court has diversity-of-citizenship jurisdiction over this case. (Compl. ¶ 14.)

      Diversity of citizenship exists where an action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Here, Plaintiffs fail to allege facts supporting the existence of diversity jurisdiction. First, although the Complaint identifies that Defendant Edison Receivables Company LLC is organized under Delaware law and authorized to do business in Florida, it does not plead the citizenship of each of Edison Receivables Company LLC's constituent members. (Compl. ¶ 5.) The same is true of N. Harris Computer Corporation, which the Complaint identifies as a "limited domestic liability company" that is "organized under the laws of Canada[] as an Alberta Business Corporation or Ontario Business Corporation." (*Id.* ¶ 9.) The Complaint therefore ignores that, for diversity purposes, an LLC is a citizen of every state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000); *Dumann Realty, LLC v. Faust*, No. 09-CV-7651, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013) (recognizing that an LLC "is completely diverse from opposing parties only if *all* of the

members of the LLC are citizens of different states than *all* opposing parties" (emphasis in original)). Second, the Complaint does not identify Venable LLP's citizenship at all, instead stating that the law firm "was a receiver for TCA Global Credit Master Fund L.P. and its related entities." (Compl. ¶ 11.) Just as the citizenship of an LLC is determined by the citizenship of each of its members, "a partnership has the citizenship of each of its partners." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001); *see also Roche Cyrulnik Freedman LLP v. Cyrulnik*, 582 F. Supp. 3d 180, 187 (S.D.N.Y. 2022) ("[A]n LLP is treated as a citizen of every state of which its partners are citizens."). The Complaint must identify each partner, as well as their citizenship, to properly assert Venable's citizenship. Third, the Complaint fails to assert Plaintiff Darren Farlow's citizenship at all, and it only alleges the residences of the individual Defendants. "For an individual, citizenship depends on the state in which that person is domiciled, meaning that 'place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Cyrulnik*, 582 F. Supp. 3d at 187 (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). Although a party's place of residence factors into the analysis of their domicile, "a party can reside in one place and be domiciled in another." *Kennedy v. Trustees of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009), *aff'd*, 406 F. App'x 507 (2d Cir. 2010). As Plaintiffs do not address the domicile of any individual party, Plaintiffs fail to adequately allege the citizenship of Darren Farlow, Thomas M. Jackson, and Jonathan Perlman. Accordingly, on its face, the Complaint fails to properly plead the existence of diversity jurisdiction.

When a complaint fails to plead subject-matter jurisdiction, courts are obligated to dismiss it sua sponte. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *cf.*, *Bodhi Bldg. v. Elmsford Chicken, LLC*, No. 21-CV-919, 2021 WL 466009, at *3 (S.D.N.Y. Feb. 9, 2021) (dismissing action for failure to allege citizenship of each member of limited liability company); *Laufer Wind Grp. LLC v. DMT Holdings LLC*, No. 10-CV-8716, 2010 WL 5174953, at *2 (S.D.N.Y. Dec. 20, 2010) (same).

Accordingly, Plaintiff's Complaint, (Doc. 3), is DISMISSED without prejudice and with leave to replead. Plaintiff has thirty days to file an Amended Complaint that properly asserts subject-matter jurisdiction. If Plaintiff fails to submit an Amended Complaint within that time frame, the Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated: January 27, 2025
      New York, New York

Vernon S. Broderick
United States District Judge